## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,    )
                               )
                               )
           v.           )
                               )   2:13-cr-00138
                               )
ANDRE DWAYNE RUFFIN,       )
                               )
          Defendant.    )

## OPINION

**Mark R. Hornak, Chief United States District Judge**

On May 11, 2022, this Court granted the Defendant Andre Dwayne Ruffin's Motion to Vacate his sentence pursuant to 28 U.S.C. § 2255 on the basis that the United States Supreme Court's decision in *United States v. Borden*, 141 S. Ct. 1817 (2021), rendered invalid the application of the Armed Career Criminal Act ("ACCA") to Mr. Ruffin. (ECF Nos. 212 and 213). Mr. Ruffin is currently on bail awaiting resentencing compliant with the Court's decision, but no resentencing has to date occurred. The cause for this delay is a number of intervening, precedential cases (and the supplemental briefs of the parties about them) that the parties argue affect Mr. Ruffin and his resentencing. The Court will now address the arguments of both parties and resolve the question central to them; namely, how many "crimes of violence" Mr. Ruffin is considered to have committed for the purpose of calculating the Sentencing Guidelines to be applied to his resentencing.

After reviewing all the filings in this case in the context of the applicable law, the Court concludes that while Mr. Ruffin's federal carjacking conviction under 18 U.S.C. § 2119 does qualify as a "crime of violence" for purposes of the United States Sentencing Guidelines ("Guidelines"), his Pennsylvania aggravated assault conviction under 18 Pa. Cons. Stat. §

1

2702(a)(3) and his Pennsylvania robbery conviction under 18 Pa. Cons. Stat. § 2703(a)(3) do not. As such, Mr. Ruffin has only one qualifying "crime of violence" predicate offense for resentencing purposes.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On May 7, 2013, a federal grand jury returned a one-count Indictment against Mr. Ruffin, charging him with Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C. § 922(g)(1) with an enhancement triggered by 18 U.S.C. § 924(e). (ECF No. 1). That case was assigned to another member of this Court. At Mr. Ruffin's sentencing, the sentencing Court found that he qualified as a covered offender under the ACCA because he had three (3) prior convictions that qualified as violent felonies: a state robbery conviction, a state aggravated assault conviction, and a federal carjacking conviction. (ECF No. 142, p. 7). In consideration of his crime of conviction, and those prior qualifying convictions, Mr. Ruffin was sentenced to 300 months, or 25 years, of imprisonment. (ECF No. 146).

In June 2021, the Supreme Court issued its decision in *Borden v. United States*, a case interpreting the ACCA. 141 S. Ct. 1817 (2021). In *Borden*, the Supreme Court held that "[o]ffenses with a *mens rea* of recklessness do not qualify as violent felonies under ACCA." *Id.* at 1834. As a result, Mr. Ruffin, via counsel, filed a Motion to Vacate his sentence, arguing that his state robbery conviction no longer constituted a violent felony for ACCA purposes under *Borden*. ECF No. 193. The matter was fully briefed, and on May 11, 2022 this Court issued its Opinion holding that Mr. Ruffin no longer qualified as an armed career criminal under the ACCA and granting his Motion to Vacate. (ECF Nos. 212, 213).

The Court held that Mr. Ruffin's ACCA sentence was no longer proper under the law on two separate, independent grounds. First, the Court held that, because Pennsylvania's robbery

statute is divisible, the modified categorical approach applies, and the *Shepard* documents in Mr. Ruffin's case failed to establish on which set of the elements of the crime charged his conviction had rested, the robbery conviction could not categorically be considered a predicate offense under the ACCA. (ECF No. 212, p. 6-17). Second, the Court concluded that, even if Mr. Ruffin's conviction *had* rested on the portion of the state robbery statute requiring a *mens rea* of intent, that subsection was not an ACCA predicate offense under *Borden*. (ECF No. 212, p. 17-26). Because the Court concluded that Mr. Ruffin no longer qualified as an armed career criminal under either holding, it granted the Motion to Vacate, as well as Mr. Ruffin's Motion for Bail pending resentencing. (ECF No. 217). Mr. Ruffin was released on bail on May 12, 2022.

Then, in May of 2023, the Third Circuit issued a decision in *United States v. Jenkins* that further called into question Mr. Ruffin's ACCA eligibility. 68 F.4th 148 (3d Cir. 2023). Mr. Ruffin filed a Notice of Supplemental Authority alerting the Court to the Third Circuit's holding in *Jenkins* that Pennsylvania aggravated assault under 18 Pa. C.S. § 2702(a)(3) is not a violent felony under the ACCA. (ECF No. 241). Because of that ruling, Mr. Ruffin argued, now *two* of his underlying convictions failed to qualify as violent felonies: the robbery and aggravated assault convictions. The Government responded in opposition, (ECF No. 243), and Mr. Ruffin replied, (ECF No. 244).

Finally (for these purposes), in August of 2023, the Third Circuit issued two opinions interpreting Pennsylvania's robbery statute. *United States v. Henderson*, 80 F.4th 207 (3d Cir. Aug. 15, 2023); *United States v. Cann*, 2023 WL 5275054 (3d Cir. Aug. 16, 2023). The Government filed its own Notice of Supplemental Authority alerting the Court to the decisions, which each held that subsection (ii) of Pennsylvania's robbery statute, requiring a *mens rea* of intent, does in fact constitute a crime of violence. (ECF No. 245). These decisions, the

3

Government argued, called into question this Court's first Opinion at ECF No. 212, and specifically the Court's holding that subsection (ii) of the state robbery statute did not constitute a crime of violence under *Borden*. Mr. Ruffin responded, (ECF No. 246), and the Government replied, (ECF No. 248). As these matters have been fully briefed by both parties, they are now ripe for the Court's resolution.

## DISCUSSION

### I.   Disputed Resentencing Issues

The parties dispute several issues related to the impending resentencing. Specifically, while Mr. Ruffin argues that, as of now, none of his prior convictions qualify as "crimes of violence" as defined by U.S.S.G. § 4B1.2(a) for the purpose of counting as predicate offenses under the ACCA, the Government argues that Mr. Ruffin has at least one qualifying offense and also offers arguments as to another two. For the reasons that follow, the Court concludes that only one of Mr. Ruffin's underlying convictions—his federal carjacking conviction—qualifies as a "crime of violence."

### A. Mr. Ruffin's carjacking conviction under 18 U.S.C. § 2119 is a "crime of violence" under § 4B1.2.

An individual may be held criminally liable for carjacking under federal law where he or she acts "with intent to cause death or serious bodily harm takes a motor vehicle . . . from the person or presence of another by force or violence or by intimidation . . ." 18 U.S.C. § 2119.

Mr. Ruffin posits that his 1993 conviction under this statute for carjacking cannot be considered a "crime of violence" because it does not necessarily require the use, attempted use, or threatened use of physical force, and thus is not a crime of violence following *Borden*. (ECF No. 228, p. 19.) This is because, Mr. Ruffin then argues, carjacking can be accomplished through intimidation, which he argues constitutes only a "reckless and/or general intent" offense. (*Id.* at

20.) Citing to cases involving robbery through intimidation, Mr. Ruffin argues that accomplishing a crime via intimidation may only require a *mens rea* of recklessness as the individual being robbed—or in this case, having their car broken into—may interpret an action as a threat without the perpetrator intending to threaten force. (*Id.* at 20-21). Therefore, he contends, Mr. Ruffin's actions could have been accomplished without the intent to threaten force and thus his carjacking conviction does not constitute a crime of violence.

By contrast, the Government argues that, even if accomplished via intimidation, a federal carjacking conviction requires a *mens rea* of intent because the crime requires an individual to act with the knowledge that his or her actions will create the impression on the victim that she will be met by force if she does not comply. (ECF No. 234, p. 6.) This knowledge, the Government contends, necessitates intent. (*Id.* at 7.)

The Court agrees with the Government's analysis as to this issue. Because an actor undertaking a carjacking, even where accomplished through intimidation, would necessarily possess and exercise the intent to intimidate a victim, the offense cannot be committed only with a *mens rea* of mere recklessness. And because a carjacker must act with volition to create intimidation or the fear of violence, carjacking is a "crime of violence" for Guidelines purposes. The Second Circuit held as much in *United States v. Felder*, 993 F.3d 57 (2d Cir. 2021):

> Even when committed by intimidation, federal carjacking requires a defendant to act in a way that he knows will create the impression in an ordinary person that resistance to defendant's demands will be met by force. Indeed, that conclusion is only reinforced by the fact that, when a defendant commits carjacking by intimidation, he must act not only with the knowledge that his actions will create the impression that resistance will be met by force, but also 'with the intent to cause death or serious bodily harm,' something he achieves only through the use of physical force. Thus, we identify federal carjacking as a categorical crime of violence.

993 F.3d at 80. The Court adopts the same analysis here.

5

In the alternative, Mr. Ruffin argues that to be a qualifying "crime of violence" offense, an offense must also receive Criminal History points under U.S.S.G. § 4A1.1(a), (b), or (c) which will only occur if it falls within the applicable time period under § 4A1.2(e)(4), , and because his federal carjacking sentence was imposed following an offense committed when he was a minor, it therefore cannot be assessed points and is therefore not a crime of violence. (*Id.* at 12); (ECF No. 235, p. 5).

In response, the Government explains that only "certain offenses" defined under § 4A1.2(d)(2)(A) and (B) committed prior to the age of eighteen (18) do not receive Criminal History points, and that carjacking is not one of these excluded offenses. (ECF No. 234, p. 8). And, the Government adds, Mr. Ruffin's carjacking conviction could not be considered an excluded offense under § 4A1.2(d)(2)(A) and (B) because he was sentenced to over one year of prison time for that offense. (*Id.* at 8-9); *see* U.S.S.G. § 4A1.2(d)(1) ("If the defendant was convicted as an adult and received a sentence of imprisonment exceeding one year and one month, add three (3) points under § 4A1.1(a) for each sentence."). Additionally, the Government argues that the fact that Mr. Ruffin was seventeen (17) when he committed the carjacking is irrelevant because the applicable time period in this case falls under § 4A1.2(e)(1), which points to § 4A1.2(d)(1) to determine the amount of criminal history points that Mr. Ruffin should receive as to this conviction. (ECF No, 234, p. 8).

According to the PSR, Mr. Ruffin committed the carjacking in 1994 when he was seventeen (17) years old, was sentenced to a term in prison of fifty-seven (57) months and received three (3) Criminal History points for the offense. (ECF No. 125, p. 10.) He was released from custody on the carjacking conviction in February 2002, and the offense in the present case occurred on April 22, 2013, which is within the fifteen-year period of U.S.S.G. § 4A1.2(e)(1).

(*Id.* at 4.) Mr. Ruffin was transferred to and sentenced in adult criminal court for the carjacking offense and was in an adult prison for his sentence. (ECF No. 233, p. 8.)

The Court concludes the following with respect to this issue. The PSR accurately lists the carjacking offense under the category of "Adult Criminal Conviction(s)," and it appears to the Court that § 4A1.2(e)(1)[1] controls. (ECF No. 125, p. 9–10). Given that Mr. Ruffin received a sentence of imprisonment exceeding one year and one month, and this sentence was imposed within the fifteen-year period from the offense conduct at issue here, the applicable subsection is § 4A1.2(e)(1), not § 4A1.2(e)(4). Under this section, a conviction counts for Criminal History points if "the defendant was convicted as an adult and received a sentence of imprisonment exceeding one year and one month," which is the case here. U.S.S.G. § 4A1.2; *see United States v. Moorer*, 383 F.3d 164, 168 (3d Cir. 2004) (holding "that an adult conviction qualifies as a 'prior felony conviction' for purposes of career offender status whether that conviction results in an 'adult' or 'juvenile' sentence."). Thus, this offense is not an excluded offense, it is correctly assessed "points" and counts towards Mr. Ruffin's Criminal History points total.

Finally, Mr. Ruffin argues that, to the extent that the statutory language is ambiguous as to the applicable *mens rea*, the Court is required to apply the rule of lenity in adopting the above interpretation of the statute. (ECF No. 228, p. 16). But the rule of lenity does not apply in this instance. The "rule of lenity only applies if, after considering text, structure, history, and purpose, there remains a grievous ambiguity or uncertainty in the statute, such that the Court must simply guess as to what Congress intended." *Barber v. Thomas*, 560 U.S. 474, 488 (2020). The Court concludes that there is no such ambiguity here that rises to a level warranting the application of this extraordinary rule.

---

[1] "[A] federal conviction for an offense committed prior to the defendant's eighteenth birthday is an adult conviction if the defendant was expressly proceeded against as an adult." U.S.S.G. § 4B1.2, cmt. 1.

Therefore, the Court concludes that federal carjacking is a crime of violence for the purposes of Mr. Ruffin's resentencing.

**B. Mr. Ruffin's aggravated assault conviction under 18 Pa. C.S. § 2702(a)(3) is not a "crime of violence."**

In Pennsylvania, a person is guilty of aggravated assault of a law enforcement officer under 18 Pa. C.S. § 2702(a)(3) if he or she "attempts to cause or intentionally or knowingly causes bodily injury to any of the officers, agents, [or] employees, . . . in the performance of duty." *Id.*

Mr. Ruffin argues that the Third Circuit's recent decision in *United States v. Jenkins* holds that a conviction under 18 Pa. C.S. § 2702(a)(3) does not qualify as a violent felony and thus does not count towards an individual's ACCA eligibility. In *United States v. Jenkins*, the Third Circuit held that an aggravated assault conviction under § 2702(a)(3) does not qualify as a "violent felony" under the ACCA. 68 F.4th at 150. First, the Court determined the statute was divisible and applied the modified categorical approach[2] to determine whether the subsection "categorically proscribes a violent felony." *Id.* at 151. Because an aggravated assault could be accomplished through an omission—or a failure to act—under the statute, and thus does not necessarily require that a defendant use physical force, the Court held that a conviction under § 2702(a)(3) cannot be considered a violent felony for ACA purposes. *Id.* at 154; *see United States v. Mayo*, 901 F.3d 218, 230 (3d Cir. 2018) (holding that the ACCA's physical force requirement cannot be satisfied by an omission), *United States v. Harris*, 68 F.4th 140, 144 (3d Cir. 2023)

---

[2] The modified categorical approach directs courts to look only to the elements of an offense, not a particular defendant's conduct, and identify the least serious conduct criminalized by the statute. *See United States v. Ramos*, 892 F.3d 599, 606 (3d Cir. 2018). A court must then consider that least serious conduct to determine whether the subsection as a whole constitutes a violent felony for ACCA purposes. *Id.*

(holding that 18 Pa. C.S. § 2702(a)(1),[3] Pennsylvania's state statute criminalizing first-degree aggravated assault, may be completed through an omission and thus does not require physical force). Given the decisions in *Mayo* and *Harris*, the *Jenkins* court concluded that, because § 2702(a)(3) and § 2702(a)(1) are virtually indistinguishable, a conviction under § 2702(a)(3) could not be considered "crime of violence." *Jenkins*, 68 F.4th at 153.

It would seem that the Third Circuit's decision in *Jenkins* would decide the issue, as its holding is directly on point with respect to Mr. Ruffin. In response to Mr. Ruffin's argument, the Government does not contest the applicability of *Jenkins* here, but instead asserts that *Jenkins* was wrongly decided and that it is not a settled point of law because the Government has submitted a petition for rehearing the case. (ECF No. 243, p. 1.) But *Jenkins* is a precedential Third Circuit decision that binds this Court, so that argument simply does not cut it. And while this Court understands the Government's obligation to preserve certain issues in the event of an appeal, the Court is obligated to consider the Third Circuit's decisions as settled law. Because *Jenkins* directly speaks to the statute at issue here as to this conviction, the Court concludes that Mr. Ruffin's 2003 aggravated assault conviction does not qualify as a violent felony.

### C.  Mr. Ruffin's conviction for assault by a prisoner under 18 Pa. C.S. § 2703 is not a crime of violence.

The Government also argues (now for the first time) that Mr. Ruffin's prior 2003 conviction under 18 Pa. C.S. § 2703 for Assault by a Prisoner—stemming from the same incident that resulted in his § 2702(a)(3) conviction—also qualifies as a crime of violence, such that, even if Mr. Ruffin's conviction under § 2702(a)(3) is not a predicate crime of violence (and as noted above, it now is not), he still has two qualifying predicate convictions. (ECF No. 243, p.

---

[3] § 2702(a)(1) states that a person is guilty of aggravated assault if he "attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life" 18 Pa. C.S. § 2702(a)(1).

1); *see* Presentence Investigation Report, (ECF No. 125, p. 12). In support of its argument, the Government cites to *United States v. Quinnones* for the proposition that § 2703 is divisible and that Mr. Ruffin, according to the *Shepard* documents, was convicted under a portion of the statute requiring physical force.

Mr. Ruffin counters that § 2703 is not divisible, but instead proposes alternative means of committing a single offense. (ECF No. 244, p. 3). He goes on to say that because a portion of the statute imposes criminal liability for actions that do *not* require the use, attempted use, or threatened use of physical force, he argues, the § 2703 conviction cannot be considered a crime of violence. (ECF No. 244, p. 3–5).

The language of the statute in place at the time of Mr. Ruffin's conviction reads as follows:

> *A person who is confined in or committed to any local or county detention facility, jail or prison or any State penal or correctional institution or other State penal or correctional facility located in this Commonwealth is guilty of a felony of the second degree if he, while so confined or committed or while undergoing transportation to or from such an institution or facility in or to which he was confined or committed intentionally or knowingly, commits an assault upon another with a deadly weapon or instrument, or by any means or force likely to produce serious bodily injury.* A person is guilty of this offense if he intentionally or knowingly causes another to come into contact with blood, seminal fluid, saliva, urine or feces by throwing, tossing, spitting or expelling such fluid or material when, at the time of the offense, the person knew, had reason to know, should have known or believed such fluid or material to have been obtained from an individual, including the person charged under this section, infected by a communicable disease, including, but not limited to, human immunodeficiency virus (HIV) or hepatitis B.

18 Pa. C.S. § 2703 (2003) (emphasis added). This version of the statute was in place until 2020, when the Pennsylvania Legislature passed an amendment enumerating the body-fluid portion as a separate provision at § 2703(a)(2) and providing different penalties for subsections (a)(2) and (a)(3). *See* Act of July 23, 2020, 2020 Pa. Legis. Serv. Act 2020-63 (H.B. 256) (West). Because

Mr. Ruffin was convicted under § 2703 in 2003, however, the above version of the statute controls the resolution of the issue here.

As discussed above, the appropriate means of determining the divisibility of the statute is an application of the modified categorical approach as set forth in *Jenkins*. 68 F. 4th at 151. The Court concludes that the applicable version of § 2703, set forth above, is divisible, and that Mr. Ruffin was convicted under the first, above-emphasized version of the statute.

The next question, then, is whether that portion of the statute conclusively constitutes a crime of violence. In *Commonwealth v. Brown*, the Pennsylvania Superior Court held that throwing bodily fluids can be considered to violate the first portion of § 2703. 604 A.2d 429, 431 (Pa. Super. 1992). And in *Quinnones*, the Third Circuit held that spitting or expelling bodily fluid does not necessarily involve the use of physical force. 16 F.4th at 420. So, because the use of force is not a necessary element of portion of the statute under which Mr. Ruffin was convicted, the modified categorical approach directs the Court to conclude that the least serious of the included offenses applies. Because the least culpable conduct that can be used to satisfy the portion of the statute applicable to Mr. Ruffin does not require violent or physically forceful conduct in light of *Brown* and *Quinnones*, his conviction under § 2703 cannot be considered a crime of violence and therefore does not qualify as a predicate offense.

### D. Mr. Ruffin's state robbery conviction does not constitute a crime of violence despite the holdings in *Cann* and *Henderson*.

This Court originally analyzed the issue of whether Mr. Ruffin's 1993 state conviction for robbery qualified as a predicate offense under the ACCA in its Order granting the Motion to Vacate, determining, on two separate grounds, that the conviction was not a "crime of violence." (ECF No. 213). The Government now urges the Court to reconsider that holding on the basis that

newly decided caselaw calls into question one of the two grounds for the Court's decision. (ECF No. 245).

The Third Circuit issued two decisions addressing Pennsylvania's robbery statute on August 15, 2023 and August 16, 2023, respectively. *United States v. Henderson*, 80 F.4th 207 (3d Cir. 2023); *United States v. Cann*, No. 22-2525, 2023 WL 5275054 (3d Cir. Aug. 16, 2023). In these cases, the Circuit determined that subsection (ii) of the Pennsylvania robbery statute— the subsection of the statute requiring a *mens rea* of intent—does constitute a "crime of violence." *Henderson*, 80 F.4th at 212; *Cann*, 2023 WL 5275054, at *3.

In its Notice of such supplemental authority, the Government noted that these decisions were "applicable to pages 17-25 of the Memorandum Opinion issued by the Court on May 11, 2022." (ECF No. 245, p. 2). The Government's reference is to the portion of the Court's Opinion concluding that, even if it were clear that Mr. Ruffin had been convicted under subsection (ii) of Pennsylvania's robbery statute, that subsection did not constitute a "crime of violence" under *Borden*. Now, the Government argues, following the decisions in *Henderson* and *Cann*, the Court's conclusion on this point was incorrect. The Government also appears to argue that, because the Court's holding on this point "was not dictum, but a holding on a contested legal point, replete with analysis, and one which ultimately rejected the government's argument that the crime did qualify," (ECF No. 248, p. 2), the Court must revisit and reconsider its entire Opinion at ECF No. 213.

In response, Mr. Ruffin argues that while these cases do reverse what he describes as the Court's "alternative" holding, they do not affect what he calls the Court's "primary" holding that the statute is divisible, that binding precedent requires the Court to presume that the conviction rests upon the least serious offense in the case of ambiguity, and that subsection (i) of the statute

does not qualify as a predicate offense. (ECF No. 246, p. 3). Because the Court's "alternative holding was superfluous to its decision and therefore dicta," Defendant argues, *Henderson* and *Cann* have no bearing on the Court's determination that Mr. Ruffin's robbery conviction does not constitute a "crime of violence."

The precedential decision in *Henderson* (amplified by the non-precedential decision in *Cann*)[4] do abrogate a portion of the Court's reasoning with respect to subsection (ii) of the Pennsylvania robbery statute. That said, the Court's rationale in deciding that the Pennsylvania robbery statute was divisible, that the modified categorical approach applied, that the *Shepard* documents did not unambiguously establish that the conviction rested on subsection (ii), and that, as a result, the robbery conviction could not categorically be considered a predicate offense under the ACCA, however, remains viable. And the Court's two distinct rationales for determining that Mr. Ruffin's robbery conviction was not a predicate offense did not depend one upon the other, such that the abrogation of the second point does not affect the viability of the first. Because the rationales were not interdependent, and the first rationale remains valid, the Government's argument that *Henderson* and *Cann* should compel the Court to reconsider its entire Opinion does not hold water.

Third Circuit precedent now holds that 18 Pa. Cons. Stat. § 3701(a)(1)(ii) constitutes a "crime of violence." But it remains that the record does not demonstrate that Mr. Ruffin was convicted under that statutory subsection, and, as a result, binding precedent commands the Court to presume that the conviction rested upon the least serious of the criminalized acts. *See United States v. Quinnones*, 16 F.4th 414, 418-19 (3d Cir. 2021); *United States v. Dahl*, 833 F.3d 345, 350 (3d Cir. 2016). That least serious act, in this instance, is proscribed by subsection (i) of

---

[4] While the Third Circuit's decision in *Henderson* was selected for reporting in the Federal Reporter, the decision in *Cann* was not and remains unreported.

the statute, which the Court previously determined does not constitute a "crime of violence." That determination remains undisturbed, and Mr. Ruffin's 1993 robbery conviction remains a non-qualifying crime for ACCA purposes.

## II.    Issues to be Addressed at Resentencing

Having determined the number of predicate offenses that the Defendant carries into his resentencing (one), the Court may now consider two outstanding issues to be addressed at Mr. Ruffin's resentencing: the appropriate Guidelines to be applied to calculate Mr. Ruffin's sentence, and whether Mr. Ruffin is entitled to a sentence that would result in "banked time."

### A.  Appropriate Sentence

In his objections to the Probation Office's Supplemental Addendum to the PSR, Mr. Ruffin argues that, because none of his prior convictions qualify as "crimes of violence," his TOL is fourteen (14) and resulting in a custody range under the Guidelines of twenty-one (21) to twenty-seven (27) months and a term of supervised release of one (1) to three (3) years. (ECF No. 228, p. 2). He states that a sentence within this Guideline range is sufficient but not greater than necessary to comply with 18 U.S.C. § 3553(a) and believes that this Court should reject the Government's request for an upward variance to the statutory maximum of one-hundred-and-twenty (120) months as being at odds with the purposes of sentencing. (ECF No. 233, p. 3.) Finally, he argues that any supervised release term should be limited to one (1) year, and the Court should make the effective date of such to be May 16, 2022, the date of Mr. Ruffin's release from confinement. (ECF No. 228, p. 26.)

The Government counters that the appropriate advisory Guideline range for Mr. Ruffin is seventy-seven (77) to ninety-six (96) months and the maximum term of supervised release is three (3) years and argues that the § 3553(a) factors warrant an upward variance to a sentence of

one-hundred-and-twenty (120) months of imprisonment (the statutory maximum) and three (3) years of supervised release. (ECF No. 229, p. 2). Arguing that Mr. Ruffin's convictions for aggravated assault and carjacking are crimes of violence under U.S.S.G. § 2K2.1(a)(2), the Government contends that Mr. Ruffin has at least two convictions for "crimes of violence" and should be assigned a base offense level of twenty-four (24). (ECF No. 234, p. 1.) Thus, says the Government, the Guidelines calculated in the most recent Addendum are accurate, and should be applied by the Court at resentencing.

A base level offense of twenty-four (24) applies if a defendant sustains at least two felony convictions of either a crime of violence or a controlled substance conviction. U.S.S.G. § 2K2.1(a)(2). For the reasons noted above, the Court concludes that the Guidelines calculation in that Addendum is no longer accurate, as he has only one qualifying conviction—carjacking— and thus his base level offense is not automatically twenty-four (24). The core issue for the resentencing then becomes, as in most others, whether the Court should impose a sentence within, or above/below the correctly calculated Sentencing Guidelines. That issue will be resolved at the resentencing hearing, and the Court refers the matter of the correct calculation of Mr. Ruffin's new base level offense and Guidelines range to the Probation Office for it to generate a further Supplemental Addendum to the Presentence Report consistent with this Order to formally set forth the Guidelines calculation consistent with the conclusions in this Opinion.

**B.  Banked Time**

Mr. Ruffin argues that the Government's position that this Court must vary upward to the statutory maximum of one-hundred-and-twenty (120) months is simply an effort to deprive Mr. Ruffin of "banked time." "Banked time" refers to a situation where, after a defendant's sentence is vacated, the district court "resentences the defendant to a term of incarceration less than the

time he has already served, the defendant may have the option to 'bank' the excess time served and credit that banked time toward a future sentence of incarceration imposed for violating the supervised release term of his sentence." *United States v. Jackson*, 952 F.3d 492, 494 (4th Cir. 2020).

According to Mr. Ruffin, the Government, in making its argument for an upward variance, is asking the Court to impose a sentence in a manner that is at odds with Supreme Court authority and bears no relationship to the § 3553(a) factors. (ECF No. 233, p. 2). The Government responds that a sentence of anything less than time served could result in Mr. Ruffin arguing, in the event of a future criminal proceeding, that he has "banked time" and lessening the custodial sentence that would theoretically be imposed. (ECF No. 229, p. 6.)

The Government cites to the Fourth Circuit's decision in *Jackson* in support of its argument against awarding Mr. Ruffin a sentence resulting in "banked time." In *Jackson*, the defendant received a sentence reduction under the First Step Act and received a time served sentence. Mr. Jackson had asked the court to impose a "fixed term of months" sentence thereby giving him banked months "credit" against any a future sentence that might be imposed if he were to later violate supervised release. *Id.* at 494. He had already served one-hundred-and-seventy-seven (177) months of his two-hundred-and-forty (240) month-imposed sentence and requested a reduction to a stated sentence of one-hundred-and-twenty (120) months, rather than a sentence of "time served." *Id.*

According to the court in *Jackson*, broadly speaking, a defendant is not entitled to a sentence that would result in "banked time." *Id.* at 499. Even when a sentence reduction is proper because of a change in the Sentencing Guidelines, a Guidelines policy statement specifically prohibits the court from imposing a sentence of less than time served, presumably to avoid

creating "banked time." *Id.* at 499–500 (citing U.S.S.G. § 1B1.10(b)(2)(C) ("In no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served.").[5] In other words, if a defendant has the benefit of "banked time," he, in essence, has a "savings account" of credit to lessen the custody time for a yet to be imposed potential future sentence for yet to be committed criminal conduct. According to the Fourth Circuit, this cuts against the necessary purpose of sentencing aiming at deterring future criminal conduct because, if a person already has the functional equivalent of a "get out of jail free card" in the case of subsequent criminal or violative conduct, he or she has a substantially reduced incentive to avoid such conduct in the future. *Id.* at 501. Such then impairs the purposes of sentencing aimed at deterring future criminal conduct and protecting the public and the community from further criminal conduct by a defendant. *Id.*; *see also Miller v. Cox*, 443 F.2d 1019, 1021 (4th Cir. 1971); *United States v. Steelman*, 2020 WL 3259543, at *2 (W.D.N.C. June 16, 2020); *United States v. Hickey*, 2020 WL 3064431, at *7 (D. Me. June 9, 2020); *United States v. Barnes*, 2020 WL 1281235, at *3 (E.D. Va. Mar. 17, 2020); *United States v. McDonald*, 2020 WL 1016351, at *3 (W.D. Va. Mar. 3, 2020); *United States v. Hardin*, 2019 WL 2519887, at *2 (E.D. Tn. June 18, 2019) (viewing negatively the practice of banking overserved time).

The Court notes the validity of the Government's argument based on *Jackson* and will consider it in determining the appropriate sentence at the resentencing hearing. However, the Court holds in abeyance any definitive finding on this issue in consideration of Mr. Ruffin's right, both individually and through his counsel, to present additional evidence and allocution at his resentencing for the Court's consideration. Such becomes particularly relevant in that the Government's request is at least in part one for a sentencing variance (and perhaps a very

---

[5] Notably, however, despite the value of the Sentencing Guidelines in guiding the Court's analysis as to this question, the Guidelines and the policy statements that accompany them are not mandatory but instead advisory. *United States v. Booker*, 543 U.S. 220, 246 (2005).

considerable one), and such inherently implicates the statutory sentencing factors, as to which such sentencing hearing presentations, and potential allocution, my be particularly germane.

## CONCLUSION

The Court's conclusions resolve the outstanding issues related to Mr. Ruffin's resentencing and to affirm the Court's original Order vacating Mr. Ruffin's sentence. Because the Court has concluded that only one of Mr. Ruffin's underlying convictions—his carjacking conviction under 18 U.S.C. § 2119—is a "crime of violence" for the purposes of resentencing, and because that conclusion would appear to materially alters Mr. Ruffin's sentencing calculation under the United States Sentencing Guidelines, this matter is referred to the United States Probation Office for the purpose of generating  a further Supplemental Addendum with a calculation of the Guidelines consistent with this Opinion. The parties to this case are directed to file sentencing memoranda as to the appropriate sentence to be imposed upon Mr. Ruffin on the basis of that Addendum and the conclusions set forth above. Such shall be filed not later than 14 days after the posting on the docket of the Supplemental Addendum. A resentencing hearing be scheduled by further Order of this Court once the Supplemental Addendum referenced above is posted to the docket.

s/ Mark R. Hornak
Mark R. Hornak
Chief United States District Judge

Date:   January 18, 2024

18